UNITED STATES, Appellee

v.

RICHARD A. LEWANDOWSKI, Private First Class, U.S. Army, Appellant

1 USCMA 40, 1 CMR 40

Decided November 14, 1951

1ST. LT. Charles H. Taylor, USA, for Appellant.

MAJ. Augustus A. Marchetti, USA, and 1ST. LT. Eugene L. Grimm, USA, for Appellee.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

This case again presents the issue of the competency of extract copies of morning reports as evidence to prove absence, where the reports were not signed by the commanding officer of the reporting unit. The issue is controlled by the principles announced by us in our decision in United States v. Masusock (No. 15), 1 USCMA 32, 1 CMR 32, decided November 9, 1951.

The accused, a member of Company D, 17th Infantry Regiment, was found guilty of absence without leave from on or about December 15, 1950, to about May 14, 1951, in violation of Article of War 61. Tried by a general court-martial, he was sentenced to dishonorable discharge, forfeiture of all pay and allowances, and to be confined at hard labor for eight years. The sentence was approved by the convening authority and affirmed by the board of review. The accused then petitioned this court for a grant of review of the decision pursuant to the provisions of Article 67, Uniform Code of Military Justice (Act of May 5, 1950, 64 Stat 108, 50 USC § 551–736) and we granted the petition.

The errors alleged are substantially the same as those set forth in United States v. Masusock, supra. The difference between the two cases is that in this one there was an objection to the admission in evidence of the document on the ground that it showed on its face that it was signed by Lieutenant Judson Pucket, Personnel Officer of the 17th Infantry Regiment; that there was no evidence that the signer was a member of accused's unit; and that there was no affirmative showing that the company commander of the reporting unit had designated the personnel officer to sign the report.

We answered all of the pertinent questions raised in the Masusock case without relying on the failure to object to the admission of the questioned document. Our holdings on the questions therein discussed dispose of those raised in this proceeding.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge BROSMAN concur.